IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STAR INSURANCE COMPANY

           Petitioner,

v.                                          CIVIL ACTION NO.  2:24-cv-00706

MERGING EXPRESS, LLC., et al.,

           Respondent.

**MEMORANDUM OPINION & ORDER**

Pending before the court are Petitioner Star Insurance Company's ("Star") Motions for Default Judgment against Respondents Merging Express, LLC ("Merging Express") [ECF No. 29], Tesla Cargo Solutions, Inc. ("Tesla"), [ECF No. 31], Walky Occeus ("Occeus"), [ECF No. 33], and Jason DeSanto ("DeSanto"), [ECF No. 47]. A review of the docket indicates that the Respondents have failed to answer or otherwise defend this action in a timely manner.[1] For the reasons stated below, Petitioner's Motions for Default Judgment against Respondents Merging Express [ECF No. 29], Tesla [ECF No. 31], Occeus, [ECF No. 33] and DeSanto [ECF No. 47] are **GRANTED**.

I.    **Factual Background**

On April 28, 2023, a large-scale accident occurred when a truck owned by Tesla and operated by Occeus crashed over a median causing a motor vehicle accident involving three

---

[1] I note that Respondent Miller Farms Custom, LLC was dismissed from this case pursuant to an Order from the court, leaving the Respondents cited as the only remaining in this case. [ECF No. 45].

passenger vehicles ("claimants") that had all been traveling on Interstate 77, [ECF No. 30]. At the time of this accident, a trailer owned by Transport Enterprise Leasing, LLC ("TEL"), Star's insured, was attached to the tractor operated by Occeus. The 2022 Wabash National ("WANC") trailer at issue was leased by TEL to Merging Express, LLC through a Commercial Equipment Master Lease Agreement ("MLA"). [ECF No. 1].

Subsequently, on November 2, 2023, ACE Property & Casualty Insurance Company ("ACE") filed an Interpleader Action in the Circuit Court of Kanawha County, West Virginia, and conceded liability for the April 28, 2023, accident. [ECF No. 30]. ACE insured Tesla and Occeus for liability with a policy limit of $1 million dollars which was to be distributed among the named Respondents and all possible claimants for damages that occurred as a result of the accident. *Id.* On March 21, 2024, the Circuit Court of Kanawha County entered an order granting ACE's Petition and permitted ACE to pay the $1 million policy limits into the Court. *Id.* The Parties then mediated a resolution of payment and distribution of the entire $1 million dollar policy limit. On November 6, 2024, the Circuit Court of Kanawha County entered its Order Directing the Distribution of Interpleader Funds and ultimately dismissed the Interpleader action based upon the distribution. *Id.* The Respondents now seek coverage from Star.

In this action, Star seeks a judgment declaring that Star Commercial Auto Policy No. CA0952079 ("Commercial Auto Policy)" and Star Commercial Liability Umbrella Policy No. UM0952079 ("Umbrella Policy") issued to TEL for the policy period of May 1, 2022, to May 1, 2023, do not provide coverage with respect to the claims arising out of the April 28, 2023 Accident. *Id.* On February 3, 2025, seeing no response or appearance in this matter, Star filed Motions for Default Judgment against Respondent Merging Express, LLC ("Merging Express") [ECF No. 29], Respondent Tesla Cargo Solutions, Inc. ("Tesla") [ECF No. 31], Respondent Walky Occeus

("Occeus") [ECF No. 33], and Jason DeSanto ("DeSanto"), [ECF No. 47]. Under Rule 55(b), Star now moves for the court to enter default judgment.

At present, there are several pending civil actions related to the April 28th accident before this court: *Amy Young, as Administratrix of the Estate of Hans Robinson, Plaintiff, v. Tesla Cargo Solutions, Inc. and Walky Occeus, Defendants,* Civil Action No. 2:23-CV-00685; *Rodney Jordan, Plaintiff, v. Walky Occeus and Tesla Cargo Solutions, Inc., Defendants*, Civil Action No. 2:23-CV-00711; *Abigail Hancock, Plaintiff, v. Walky Occeus and Tesla Cargo Solutions, Inc., Defendants*, Civil Action No. 2:24-CV-00209; *Savannah Stainback, Plaintiff, v. Walky Occeus and Tesla Cargo Solutions, Inc., Defendants,* Civil Action No. 2:24-CV-00210. *Id.* In addition, related declaratory actions, *Amy Young, as Administratrix of the Estate of Hans Robinson v. Star Insurance Company*, Civil Action No. 2:24-CV-00240 and *Star Insurance Company v. Transport Enterprise Leasing, LLC, et al.*, Civil Action No. 2:24-CV-00363 remain pending. The court has received communication regarding settlement from all parties referenced above, however no formal documentation has been filed.

**II.     Legal Standard**

District courts may enter default judgment against a properly served defendant under Federal Rule of Civil Procedure 55. Rule 55(a) provides for entry of default where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After default is entered by the clerk, a party may move the court for default judgment under Rule 55(b). Indeed, applying to the court for default judgment is necessary where, as here, the plaintiff's claim is not for a sum certain or made certain by computation. Fed. R. Civ. P. 55(b).

Upon default, all well-pleaded facts alleged in the complaint as to liability may be taken as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant,

by his default, admits plaintiff's well-pleaded allegations of fact[.]" (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)(citations omitted). The court, however, must not enter default judgment that "differ[s] in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In addition, when entering default judgement, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). In other words, a court may evaluate the Petitioner's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine that the Complaint contains "plausible claims in which relief may be granted." *Blake v. PSI*, 2023 WL 9103092, at *3 (E.D.Va., 2023); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

In prior cases, this court has "hesitated to enter default judgment in a suit for declaratory relief, especially in the area of insurance disputes". *State Auto Property and Cas. Ins. Co. v. Fas Chek Enterprises, Inc.*, No. 2:15-cv-00809, 2015 WL 1894011, at *2 (S.D. W. Va. Apr. 27, 2015); *see also Teachers Ins. Co. v. Prather*, No. 2:11-cv-00397, 2012 WL 90095, at *2 (S.D. W. Va. Jan. 11, 2012) ("When a declaratory judgment action is brought by an insurance carrier, the suit may influence the way courts later interpret other identical policies."). I often decline to enter default judgment when opposition is demonstrated. *See id.* (stating that "less drastic sanctions" are more appropriate when the nonmovant has indicated its opposition to default judgment); *see also*

*Toler v. Gov't Emps. Ins. Co.*, No. 2:14-cv-29582, 2015 WL 1431247, at *2–3 (S.D. W. Va. Mar. 27, 2015) (denying defendant's motion for default judgment when the plaintiff had taken action, albeit delayed, against the defendant's counterclaim). Here, all Respondents have "failed to plead or otherwise appear in this declaratory action" as is required under FRCP 55(a). [ECF Nos. 29, 31, 33]. In accordance with a plain reading of the statute, default judgment is permissible. *See Scottsdale Ins. Co. v. Bounds*, No. BEL-11-2912, 2012 WL 1576105, at *3 (D. Md. May 2, 2012) ("The Court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief.").

However, I note that though no formal response has been filed nor an appearance been made, the court received a letter from Respondent Walky Occeus dated February 5, 2025. [ECF No. 37]. In his letter Occeus states that he does not have the money to retain a lawyer but feels that he is "entitled to insurance coverage from Star for the accident." *Id.* Historically, when the entering of default judgement has the potential to implicate defendants who have not been served the complaint, I opt to examine the merits of the relevant insurance claim. *Fas Chek Enterprises, Inc.*, 2015 WL at *3 (S.D. W. Va. April 27, 2015). Here however, all respondents have been served in the initial complaint. Therefore, I do not find analysis of the merits of the underlying insurance claim appropriate, nor do I find issuing a judgment on the merits appropriate. *See* Restatement (Second) of Judgments § 33 (1982) (stating that "a court should not make a declaration upon default on the basis of the pleadings alone but should require the plaintiff to present enough evidence to warrant the granting of declaratory relief").

As stated above, Respondents have failed to file any opposition to default judgement in this case. Traditionally, where service on a respondent is validly effected under Federal Rule of Civil Procedure 4, and the same respondent elects not to plead or otherwise defend itself in an

action, "all of the averments in the complaint except those relating to damages are deemed admitted". *See* Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that "the defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *Branch Banking & Trust Co. v. Fowler*, 2005 U.S. Dist. LEXIS 3799, at *6, 2005 WL 581087 (W.D. Va. Mar. 3, 2005). Further, these same allegations may be taken as true. *See* Fed.R.Civ.P. 55(a); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact [.]") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) (citations omitted)). In taking all the allegations in the Complaint as true (as I must when reviewing a motion for default judgment) default judgment is appropriate. *Westfield Ins. Co. v. Mitchell*, 2014 WL 2765715 (S.D.W.Va.,2014). In addition, beyond the verity of the allegations in the Complaint, these allegations are plausible. Star argues that has no duty to insure the 2022 WANC trailer under the various provisions contained within the Commercial Auto Agreement or Umbrella Policy. Given the facts above, and the plain language of the provisions cited directly in the Complaint, these allegations seem plausible. Accordingly, I **FIND** based on the pleadings that plaintiff has stated a plausible claim, there has been no defense, and therefore grant judgment to the plaintiffs on this declaratory judgment action.

### IV.   Conclusion

The plain language of the Commercial Auto Policy, the Commercial Umbrella Policy and their various addendums suggests that the Petitioners claims are at the very least plausible. Accordingly, the court **GRANTS** Petitioner's Motions for Default Judgment against Respondent Merging Express [ECF No. 29], Respondent Tesla [ECF No. 31], Respondent Occeus, [ECF

No.33] and Jason DeSanto ("DeSanto"), [ECF No. 47]. Therefore, Star Insurance Company is **GRANTED** the declaratory judgment relief sought in its Declaratory Judgment Complaint.

The court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to the defendants.

ENTER: April 2, 2025

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE